### 6467. MANNING *v.* THE STATE.

RUSSELL, C. J. 1. While it is preferable that an accusation charging a violation of section 424 of the Penal Code should specifically state how and in what manner the accused interfered with the persons assembled at a school, an indictment which charged that the defendant did "wilfully interrupt and disturb an assemblage of Pleasant Hill Public school, lawfully and peacefully held for the purpose of literary and social improvement, contrary to the laws of" this State, etc., being practically in the terms of section 424 of the Penal Code, was sufficient to withstand a demurrer.

2. The Court of Appeals will take judicial cognizance of the fact that a meeting of a public school for the purpose of holding its commencement exercises is a meeting of the school for the purpose of literary and social improvement.

3. There being no testimony that any person in attendance on the school exercises in question was disturbed by any act or language of the defendant, or that the school as a whole, or any part thereof, was either interrupted or disturbed by any act of the defendant, the verdict of guilty was wholly without evidence to support it, and the court erred in refusing to grant the defendant's motion for a new trial.

*Judgment reversed.*

DECIDED JULY 31, 1915.

Accusation of disturbing school; from Floyd superior court— Judge Wright. March 3, 1915.

J. T. Swafford testified: On April 20, 1914, I was at the Pleasant Hill public schoolhouse in Floyd county, Georgia. Quite a crowd of people were assembled on this occasion, as it was commencement. This was a public school. During the exercises and while I and a crowd of fellows were standing from 20 to 30 feet from the place where the crowd was assembled to hear the exercises, Roy Manning (the defendant) came up to me and charged me with having accused him of selling liquor, and said to me that he was going to blow my "God damn brains out" for having told lies on him; and when he did this Mr. J. W. Davis took hold of him and led him away from where I was. Mr. Gann came in between him and me. At this time some dozen men were standing

near us.  He was talking loud enough to have been heard 30 or 40 feet away.  In my opinion Roy Manning had been drinking whisky and was under the influence of whisky.  I do not know that a single member of the school was disturbed by what occurred.

Others testified that they were at the exercises of Pleasant Hill public school at the time mentioned by the witness Swafford, and heard loud talking and cursing between him and the defendant. Some of the witnesses denied that the defendant made a disturbance or appeared to have been drinking, and testified that Swafford cursed him.

*Eubanks & Mebane,* for plaintiff in error.

*W. H. Ennis,* solicitor-general, contra.